IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MINH VU HOANG and          :
       THANH HOANG

MINH VU HOANG                     :

    Appellant                     :

           v.                  :   Civil Action No. DKC 18-0443

CITIBANK N.A., et al.             :

    Appellee                      :

**MEMORANDUM OPINION**

Appellant Minh Vu Hoang ("Ms. Hoang" or "Appellant"), a debtor in the underlying bankruptcy case, appeals from an order entered by United States Bankruptcy Judge Thomas J. Catliota on January 29, 2018, dismissing Adversary Case No. 17-284.  Ms. Hoang also seeks to proceed *in forma pauperis* on her bankruptcy appeal. (ECF No. 7).  Because the facts and legal arguments are adequately presented in the briefs and record, oral argument is deemed unnecessary.[1] *See* Fed.R.Bankr.P. 8019; Local Rule 105.6.  For the

---

[1] Fed.R.Bankr.P. 8019 states that "Oral argument must be allowed in every case unless the district judge . . . examine[s] the briefs and record and determine[s] that oral argument is unnecessary because . . . the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument."  Judge Catliota stated below that "No hearing is necessary because the facts and legal arguments are adequately presented in the filings and exhibits submitted in support."  (ECF No. 1-1, at 2). Therefore, Appellant's argument that Judge Catliota erred by not holding oral argument is of no moment.

reasons that follow, the *in forma pauperis* application will be granted, and the order of the bankruptcy court will be affirmed.

**I.   Background**

The thorny factual background underlying this bankruptcy case was set forth in numerous prior opinions, thus only the facts relevant to the instant appeal will be included. *See In re Minh Vu Hoang*, No. CIV.A. DKC 14-3128, 2015 WL 2345588, at *1 (D.Md. May 14, 2015); *In re Hoang*, 469 B.R. 606 (D.Md. 2012).

Appellant Minh Vu Hoang and her husband Thanh Hoang began bankruptcy proceedings in 2005 and, since that time, have frequently come before this court in matters related to that bankruptcy. *See, e.g., In re Minh Vu Hoang*, DKC-13-2637, 2014 WL 1125371 (D.Md. Mar. 19, 2014); *Hoang v. Rosen*, DKC-12-1393, 2013 WL 6388611 (D.Md. Dec. 5, 2013); *Hoang v. Rosen*, DKC-12-1393, 2012 WL 1664071 (D.Md. May 10, 2012).[2] As relevant to this case, after the bankruptcy proceedings began, Appellant and her husband entered into a contract for sale of their then-residence at 9101 Clewerwall Drive, Bethesda, Maryland (the "property") to Ms. Hoang's brother Trung Vu and sister-in-law Ha Vu (the "Vus"). The

---

[2] Although the initial action was filed on behalf of both Hoangs, only Minh Vu Hoang noted an appeal from the decision below. (ECF No. 1). Many of the documents are signed by both Appellant and her husband, and the failure to note an appeal on behalf of Thanh Hoang may have been inadvertent. Regardless, Thanh Hoang did not note an appeal, and the time to note an appeal has passed.

sale to the Vus did not close, and the property was foreclosed on in 2012.  (ECF No. 1-1, at 2-3).

On July 10, 2017, Appellant filed Civil Action No. DKC 17-1909 against Citibank, N.A., Cindy R. Diamond, and Fay Servicing, LLC (collectively "Appellees") seeking a declaration that Appellant and her husband's sale contract with the Vus is valid and enforceable.  Complaint, *In re Hoang*, No. DKC-17-1909 (D.Md. July 10, 2017), ECF No. 1.  The complaint was referred to the United States Bankruptcy Court for the District of Maryland.  Order referring Case to United States Bankruptcy Court for the District of Maryland, *In re Hoang*, No. DKC-17-1909 (D.Md. July 26, 2017), ECF No. 3.  The bankruptcy court opened Adversary Case No. 17-00284.  The Bankruptcy Court determined that Appellant and her husband's complaint was barred by *res judicata* and barred by the statute of limitations and entered an order dismissing the proceeding.  (ECF No. 1-1).  Appellant filed a notice of appeal in this court (ECF No. 1), and Appellant moved to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) (ECF No. 7).

## II.  Standard of Review

The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law de novo.  *In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006); Fed.R.Bankr.P. 8013.  "A finding is 'clearly erroneous' when although there is evidence to support

3

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *In re Broyles*, 55 F.3d 980, 983 (4th Cir. 1995). "On legal issues, this [c]ourt 'must make an independent determination of the applicable law.'" *In re Fabian*, 475 B.R. 463, 467 (D.Md. 2012) (quoting *In re Jeffrey Bigelow Design Group, Inc.*, 127 B.R. 580, 582 (D.Md. 1991)). With respect to the bankruptcy court's application of law to the facts, the district court reviews for abuse of discretion. *Id.* at 467 (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)). "[T]he decision of a bankruptcy court 'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'" *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D.Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). "Thus, this [c]ourt may 'affirm the bankruptcy court on any ground supported by the record.'" *Bellinger v. Buckley*, 577 B.R. 193, 195 (D.Md. 2017) (quoting *LeCann v. Cobham (In re Cobham)*, 551 B.R. 181, 189 (E.D.N.C.), aff'd, 669 Fed.Appx. 171 (4th Cir. 2016), reh'g denied (Nov. 29, 2016)).

**III. Analysis**

Appellant's documents are rife with conclusory allegations unsupported by any facts or record citations, *see* Fed.R.Bankr.P. 8010(1)(E) (requiring, inter alia, that an appellate brief contain

4

"citations to the authorities, statutes and parts of the record relied on"), and they advance a number of arguments that were never presented before the bankruptcy court, *see Levy v. Kindred*, 854 F.2d 682, 685 (4th Cir. 1988) ("[a]bsent exceptional circumstances, an appellate court will not consider an issue raised for the first time on appeal"). In distilling the cognizable appellate arguments with respect to the order denying Appellant's declaratory judgment motion (ECF No. 1-1), the court focuses on the arguments specifically addressed by the bankruptcy court.

As a threshold matter, Appellant's form application for leave to proceed *in forma pauperis* (ECF No. 7) demonstrates that she is impecunious. Accordingly, the application will be granted. Appellant's motion to allow for late filing due to financial concerns will thus be granted. (ECF No. 8).

Appellant's contention that it is an "error to dismiss an adversary proceeding by treating a motion to dismiss as a summary judgment [motion] without giving appellant an opportunity to present the case" is misguided. (ECF No. 9, at 2-3). Judge Catliota did not convert the motion to dismiss into a motion for summary judgment. Instead, it appears that Appellant is referring to Judge Catliota taking judicial notice of Appellant's prior foreclosure cases. (ECF No. 1-1, at 4). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss,

5

in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Fed.R.Ev. 201; Md. Rule 5-201(b). Judge Catliota took judicial notice of prior proceedings found within the public record. The accuracy of these judicial records cannot be reasonably questioned. *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact").

It must be remembered that the action filed by Appellant was a declaratory judgment action, in which she sought to have the court declare that a contract of sale was valid. The contract issue was relevant only as it might affect the foreclosure sale of the home. The foreclosure sale had been the subject of numerous prior proceedings and its validity long upheld. Under the circumstances, it was entirely appropriate for the bankruptcy court to dismiss the action:

> "[D]istrict courts possess discretion in determining whether and when to entertain an

6

> action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 . . . (1995). The Declaratory Judgment Act expressly states that district courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In light of this "nonobligatory" language, the Supreme Court has explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288[.]
>
> A district court may decline to entertain a declaratory judgment claim when it has "good reason" to do so. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004). In determining whether to exercise declaratory jurisdiction, this Court must consider whether declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue," and whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (citation omitted). Because the requested declaratory judgment serves neither of these objectives, the Court will dismiss Count VI of the Complaint.

*Hardnett v. M&T Bank*, 204 F.Supp.3d 851, 862 (E.D.Va. 2016), *aff'd sub nom. Hardnett v. M & T Bank*, 699 F.App'x 242 (4th Cir. 2017).

In a similar circumstance, where a foreclosure had already occurred, the court found the declaratory judgment action inappropriate:

> The Court grants the U.S. Bank Defendants' Motion to Dismiss as to Count I because declaratory relief is inappropriate as the foreclosure has already occurred and because

7

the Amended Complaint fails to set forth facts establishing plausible grounds for declaratory relief. Federal Rule of Civil Procedure 57 provides that the federal rules "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." FED.R.CIV.P. 57. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."   16   28   U.S.C.   §   2201(a). "[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation," and are untimely if the questionable conduct has already occurred or damages have already accrued.  *See The Hipage Co.* [*v. Access2Go*]*, Inc.*, 589 F.Supp.2d [602,] 615 [(E.D. Va. 2008)].

Here, Plaintiffs ask the Court to void the foreclosure "Deed of Sale" and declare that "none of the Defendants has any right, title, or interest in the First Promissory note." (Am. Compl., "Wherefore" Clause, at 22–23.) However, the Property was foreclosed on August 14, 2009, as a result of Plaintiffs' admitted default on the loans.[]   Thus, any wrong Plaintiffs suffered as a result of the allegedly deficient foreclosure has already occurred.  Therefore, a declaratory judgment at this stage is inappropriate.[]

Two cases with near identical facts were brought in this District and dismissed on similar grounds.  *See Merino v. EMC Mortgage Corp.*, No. 1:09–cv–1121, 2010 WL 1039842 (E.D.Va. Mar. 19, 2010) (O'Grady, J.); *Horvath v. Bank of New York*, No. 1:09–cv–1129, 2010 WL 538039 (E.D.Va. Jan. 29, 2010) (Trenga, J.). Like Plaintiff, the homeowners in *Merino* and *Horvath* filed suits against financial institutions alleging a variety of claims based on the foreclosure of their homes following a default on their mortgage loans. *Merino*, 2010 WL 1039842, at *1; *Horvath*, 2010

8

> WL 538039, at *1.  In *Merino*, the homeowner sought declaratory relief that "none of the Defendants has any right, title, or interest" in the promissory notes. 2010 WL 1039842, at *4.  In *Horvath*, the homeowner sought declaratory relief that the foreclosure deed of sale was void.  2010 WL 538039, at *1.  In both cases, the court noted that the underlying purpose of declaratory relief is to guide parties' conduct in the future.  *See Merino*, 2010 WL 1039842, at *4 ("a declaratory judgment is an inherently forward-looking mechanism, intended to guide parties' behavior in the future"); *Horvath*, 2010 WL 538039, at *1 ("[d]eclaratory relief is reserved for forward looking actions").  Both the *Merino* and *Horvath* courts therefore held that declaratory relief was not appropriate because the property had already been foreclosed.  *Merino*, 2010 WL 1039842, at *4; *Horvath*, 2010 WL 538039, at *1.

*Tapia v. U.S. Bank, N.A.*, 718 F.Supp.2d 689, 695-96 (E.D.Va. 2010), *aff'd*, 441 F. App'x 166 (4th Cir. 2011).

Judge Catliota aptly summarized Appellant's repeated attempts to take a second bite of the apple in this foreclosure case. Although Judge Catliota analyzed Appellant's claim under the doctrine of *res judicata*, his analysis also supports the conclusion that a declaratory judgment at this stage is inappropriate because any wrong Plaintiff suffered as a result of the allegedly deficient foreclosure has already occurred.  A lengthy quotation follows:

> Plaintiffs previously asserted this very same claim.  The court dismissed the claim with prejudice in Adversary Proceeding No. 12-224. ECF 103 in Case No. 12-224.  In that case, the Plaintiffs brought an adversary proceeding against the Trustee, Ms. Diamond, and Quantum, seeking, among other things, the same relief they seek here:  a declaration that the sale

9

agreement between the Trustee and the Vus is a valid and enforceable contract. ECF 1 at ¶¶20-25 in Case No. 12-224. On November 16, 2012, the court entered an order dismissing the adversary proceeding with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(B). ECF 103 in Case No. 12-224. That order has long since become final. Thus, under the doctrine of *res judicata*, the complaint must be dismissed.

Although the prior dismissal of this claim with prejudice is alone sufficient to dismiss the complaint, the court notes that the Plaintiffs have raised this claim several times previously. The Plaintiffs filed a motion for leave to file a state court action against the Trustee on July 5, 2017. ECF 2751 in Case No. 05-21078. In the motion, the Plaintiffs again sought to bring an action against the Trustee for a breach of the same contract to sell the Property to the Vus. On November 9, 2017, the court entered an order denying the request for leave, stating:

> For the reasons stated from the bench, the court concluded that the motion was yet another frivolous filing by the debtor against the Trustee for at least the following reasons: (1) The claims are barred by the doctrine of *res judicata*, or claims preclusion, because the debtor sought specific performance of the same contract against the Trustee in Adv. Proc. 12-00224, and those claims were dismissed with prejudice. (2) The Trustee did not obtain authority from the court to sell the property, and therefore he had no legal obligation (or right) to close on the sale. Accordingly, no breach of contract claim can be brought against him or the estate. (3) The debtor could not make a viable claim that she was the intended third party beneficiary of the contract. (4) The debtor's

10

>     claims are barred by the statute of
>     limitations.
>
> ECF 2836.
>
>     The Plaintiffs brought identical claims
>     in at least two other cases: *Hoang v. Rosen,
>     et al.*, Case No. 8:12-cv-01393, filed in the
>     United States District Court for the District
>     of Maryland, and Adversary Proceeding No. 12-
>     330, filed in this court.  The Plaintiffs
>     filed a notice of voluntary dismissals in both
>     actions.  ECF 16 in Case No. 8:12-cv-01393;
>     ECF 24 in Adv. No. 12-330.  Therefore, these
>     dismissals act as an adjudication on the
>     merits and a bar on future action on the claims
>     under the doctrine of *res judicata*.  *See
>     Colonial Auto Ctr. v. Tomlin (In re Tomlin)*,
>     105 F.3d 933 (4th Cir. 1997).

(ECF No. 1-1, at 4).[3]

As noted above, a declaratory judgment action is only appropriate when declaratory relief will serve a useful purpose. Here, where deciding the question of the validity of the sale contract cannot have any impact on the now final foreclosure sale,

---

[3] As an aside, Appellant's argument that Judge Catliota erred in applying *res judicata* due to *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), is incorrect. (ECF No. 9, at 14). The Supreme Court of the United States explained in *Lawlor* that "While the [prior] judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Id.* at 328. Appellant does not present a new claim here that arose after her previously decided claims. As detailed above, Appellant has already brought numerous suits in federal and state court against Appellees challenging the validity of the same foreclosure sale. *See, e.g., Hoang*, 2013 WL 6388611; *Hoang*, 2012 WL 1664071; *Hoang v. Citibank N.A.*, No. 61, Sept. Term, 2016, 2017 WL 1739429 (Md.Ct.Spec.App. May 4, 2017); *Hoang v. Diamond*, No. 1526, Sept. Term, 2013, 2015 WL 6105460 (Md.Ct.Spec.App. Aug. 7, 2015).

it would serve no useful purpose in proceeding.  The foreclosure, subsequent sale of the property, numerous cases upholding the validity of that sale, and the declaratory judgment framework, support affirming Judge Catliota's order.  As in *Merino*, *Horvath*, and *Tapia*, Appellant seeks a court declaration relating to a long-foreclosed property.  "Thus, any wrong [Appellant] suffered as a result of the allegedly deficient foreclosure has already occurred.  Therefore, a declaratory judgment at this stage is inappropriate" and the order of the bankruptcy court will be affirmed.  *Tapia*, 718 F.Supp.2d at 695-96; *Bellinger*, 577 B.R. at 195 ("this [c]ourt may 'affirm the bankruptcy court on any ground supported by the record.'").

**IV. Conclusion**

For the foregoing reasons, the application to proceed *in forma pauperis* will be granted and the order of the bankruptcy court will be affirmed.  A separate order will follow.

                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge

12